W. L. TATE v. PARKER-GRAHAM, SEXTON, INC.

(Filed 9 January, 1929.)

1. **Master and Servant—Master's Liability for Injuries to Servant—Safe Place to Work—Nonsuit.**

    *Held,* evidence in this case sufficient to be submitted to the jury upon the question of defendant's negligence in not furnishing his employee a reasonably safe place in which to work.

2. **Evidence—Expert Testimony—Conclusions and Opinions—Hypothetical Questions.**

    *Martin v. Hanes,* 189 N. C., 644, cited and approved as to expert testimony upon hypothethical questions.

3. **Trial—Instructions—Requests for Instructions.**

    A correct charge upon the law arising from the evidence will not be held for error because not more specific, in the absence of special requests.

APPEAL by defendant from *MacRae, Special Judge,* and a jury. From HAYWOOD. No error.

This is an action for actionable negligence brought by plaintiff against the defendant. Plaintiff alleges that his injury was caused by the negligence of the defendant: (a) In failing to warn and instruct the plaintiff of the dangers incident to his employment, and especially of the dangers of going into a dark tunnel without a light, immediately following heavy blasting with large rocks and boulders hanging loose in said tunnel. (b) In failing to have sufficient light in the tunnel. (c) In negligently ordering and requiring plaintiff to stoop and bend over a loaded hole to assist in making a connection with the batteries, etc., without first examining the top and sides thereof, and removing loose rocks, jarred loose by previous blasts. (d) In failing to remove loose rocks before firing another blast and requiring the plaintiff to go immediately under said loose rock in the dark. (e) That the defendant negligently failed to examine the top and sides thereof with a view of removing loose rock and boulders that had been jarred and blasted loose by the previous shooting. It was in evidence that after the firing of the blasts, some 600 to 700 feet under the ground, it was customary, and according to the rules of the company, for the foreman of the defendant company to wait 15 to 20 minutes for the smoke to clear out and the rocks to fall, before ordering the plaintiff and other employees into the tunnel. On the occasion the plaintiff was injured, the foreman was in a hurry, as it was practically time for the day crew to come on duty, and he did not wait longer than four or five minutes before ordering the plaintiff and others into the tunnel. When he gave the order to the plaintiff, the smoke was still in the tunnel, and the loose rocks had not fallen. (f) In failing to use due care to furnish plaintiff a reasonably safe place to work in, and in furnishing a dangerous and unsafe place.

The defendant denied the allegations of negligence and alleged, in effect, that the work was being done in the usual and ordinary manner, and that the stone falling on the plaintiff's head did only a slight and temporary injury, and that it was the result of an accident which could not have been foreseen and avoided."

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

"2. What damage, if any, is the plaintiff entitled to recover? Answer: $4,500."

*Morgan & Ward for plaintiff.*
*Rollins & Smathers for defendant.*

PER CURIAM. We think the evidence was sufficient to be submitted to the jury. Defendant's motion to nonsuit at the close of plaintiff's evidence and at the close of all the evidence, under C. S., 567, cannot be sustained. The present action is similar to *Buchanan v. Furnace Co.,* 178 N. C., 643, where the law is exhaustively discussed. See *Street v. Coal Co., ante,* 178. The defendant's exception and assignment of error to the hypothetical question propounded to Dr. Abel cannot be sustained.

This Court, in *Martin v. Hanes,* 189 N. C., at p. 646, said: "These cases enunciate the principle that, while a medical expert may not express an opinion as to a controverted fact, he may, upon the assumption that the jury shall find certain facts to be recited in a hypothetical question, express his scientific opinion as to the probable effect of such facts or conditions."

There was no error in the exclusion of evidence offered by defendant. We see no error in the charge, taking the same as a whole. In regard to the charge on damages, the well settled rule in this jurisdiction is that if defendant desired the charge more specific, he must request it by proper prayer for instruction. We find

No error.